Mr. Justice Thachek
delivered the opinion of the court.
The record in this case being quite voluminous and apparently intricate, has received, on that account, none the less our careful perusal .and consideration.
The main facts, in brief terms, are these. Lenoir & Barnes sold Holeomb a stock of goods, and took his promissory note in payment. At a subsequent period, after running accounts had existed between the parties, a new note was made by Holcomb for the balance then supposed to be due. After the maturity of this second note, there existed a dispute as to the amount then really due upon this note, but Lenoir & Barnes took legal steps to collect the amount of the note. Pending this proceeding, a compromise was acceded to, and by the intervention of a friend of both parties, an account was had and a balance was stated against Holcqmb. This result, however, was charged to have been brought about against Holcomb by undue and fraudulent influences. Nevertheless, Holcomb, in pursuance of the compromise, executed a bill of sale of certain slaves to Lenoir & Barnes, and they, simultaneously with the bill of sale, executed an instrument, which, on the part of Holcomb, is insisted is a mortgage, and on the other part is claimed to be but a defeasible *313 purchase. The bill is filed by Holcomb to revise the whole transactions, to procure allowance for sundry payments and accounts, to obtain credit for the hire of the slaves while in the possession of Lenoir & Barnes, and for their redemption. The final decree was made for the complainant in the vice-chancery court, in accordance with his bill.
The case, we think, was very deliberately and elaborately examined in the court below, and so far as the evidence as to the payments, &c. and the value of the hire of the slaves, &c. is concerned, we can find no good ground for interference; certainly not such a preponderance against the equity of the conclusions, as would warrant the expense and delay of a revisal of such extensive and long standing accounts. This, our conclusion upon this point, could only be shown by a course of reasoning upon facts, which would be nearly co-extensive with the length of the record itself.
The point to which we have deemed it chiefly necessary to direct our attention and examination, is the character to be assigned to the instrument executed by Lenoir & Barnes to Holcomb, and constituting the exhibit “F ” in his bill, whether the same be a mortgage or a defeasible purchase and conditional sale.
From the fact that this instrument was executed cotempora-neously with the bill of sale of the same property from Holcomb to Lenoir & Barnes, our inclination wilf be, if it can be consistently done, to hold the instrument to be a mortgage. For it was said by Lord Hardwicke, in Longuet v. Scawen, 1 Vesey, Sen. 405, that “ it was well known that the court leaned extremely against contracts of this kind, where the liberty of repurchasing is made at the same time concomitant with the grant, being part of the' same transaction; the court endeavoring to bring them to be cases of redemption.”
The form of the instrument itself is the first thing always to be looked to, in order to test the distinction. Its language, in an essential part, is as follows : “ That the said Holcomb is to be allowed the privilege of redeeming the above slaves,” &c. And in the case of Longuet v. Scawen, above quoted, the lord *314 chancellor remarks, that “ there is indeed a distinction in the nature of the transaction, between a power of redeeming and of re-purchasing, obtained by usage, which governs the sense of the words.”
The bill of sale and the instrument under consideration, being executed at the same time and in regard to the same transaction, must be considered as one thing. The transaction shows that there was a precedent debt due by Holcomb to Lenoir & Barnes. The amount of the consideration money in the bill of sale is fifteen hundred dollars, and the amount to be paid in defeasance of that bill of sale was likewise fifteen hundred dollars. It is well settled that the giving of an absolute deed, on account of a pre-existing debt, with a concurrent agreement in writing or by parol, for a redemption, at any future time upon payment of the debt, is a mortgage. Conway's Ex’rs v. Alexander, 7 Cranch, 238; Holmes v. Grant, 8 Paige, C. R. 250. Bearing in mind this fact and this legal principle, and also that the instrument was made in December, 1842, and that by it a redemption of all the slaves could be made in less than two years from that date, it can hardly be conceived that an absolute purchase could have been contemplated by Lenoir & Barnes. The amount to be refunded was the same allowed in the purchase. It would seem, therefore, that the transaction merely contemplated a security which imports always a mortgage. A debt cannot be viewed as extinguished when a provision for its payment at a future time is made. In this connection we may add, that the instrument shows that a final settlement of the pre-existing debt was mot in all particulars had. It narrates, that, “ as it.appears that a mistake has been made in the last settlement between the said Holcomb and the said Lenoir & Barnes of the sum of ninety-four dollars, it is agreed that said sum of ninety-four dollars shall be equally divided, and that the said Holcomb pay to the said Lenoir & Barnes one half of said amount over and above the amount included in a certain promissory note, made by the said Holcomb, and payable to-the said Lenoir & Barnes.”
The answer of the defendants in the bill and the evidence of witnesses shows, that there was a conversation, treaty, and ne *315 gotiation to the effect that Holcomb should be permitted to redeem the slaves. The answer admits that Holcomb “bargained and sold the negroes in exhibit ‘ G ’ mentioned, to respondents, but being desirous to redeem the same, he persuaded these respondents to consent to the agreement filed by complainant as exhibit ‘F.’ ” The witness, Carr, who acted, as it seems, for both parties, states that “ after the bill of sale was written, complainant and respondents entered into a conditional agree-, ment that complainant should have the privilege of redeeming and taking back said negroes, by paying to respondents, at certain different periods, certain sums of money,” &c. Again he says, that “ complainant’s objection to the first bill of sale was, that witness had incorporated in the body thereof interest in favor of Lenoir & Barnes, and Barnes stated that the labor of the negroes would be worth the interest; if Holcomb redeemed them he did not want any interest.” Cooper, another witness, testifies that “ Holcomb was to have the power of redeeming the negroes.”
It may be remarked, as entitled to some weight, that the term “ re-purchase” is not used in the instrument by the defendants nor the witnesses. It is true that Lord Hardwicke, on one occasion, (Lawley v. Hooper, 3 Atkins, 280,) said that there is very little difference in reality between the meaning of the word redemption and re-purchase ; but he was then speaking of those words as' being used by witnesses, and he adds that “ the in-dorsement on the back of the deed uses the words re-purchase and redemption promiscuously, which plainly shows that it was considered by all parties as a power to redeem.” We have also stated above his more deliberate opinion as to the meaning of these words.
Lastly, it is laid down in Poindexter v. McCannon, 1 Dev. Eq. Cas. 373, and quoted by Chancellor Kent in his Commentaries, vol. 4, p. 144, n. that “ if it be doubtful whether the parties intended a mortgage, or a conditional sale, courts of equity incline to consider the transaction a mortgage, as more benign in its operation.” This principle fortifies strongly the one with which we commenced the examination of the instrument. “
*316 The case in a few words is this : “ A person supposes himself to be largely in debt, and, to relieve himself from its immediate consequences, he makes a sale of his property to his creditor to the value of the amount of that debt, reserving to himself the power of redeeming that property. Here is a reciprocity of remedies between the parties. The grantees are secured in their claim by the property, and the grantor may be restored to his property by the payment of the debt. The debt is therefore not in reality extinguished. The transaction must be considered as a mortgage.
Decree affirmed.